United States District Court
District of Connecticut
FILED AT BRIDGEPORT
December 4, 2003
Kevin F. Rowe, Clerk
By: Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JARED CIVITELLI,            :        PRISONER
Inmate #254285              :   CIVIL NO. 3:02CV304 (DJS) (TPS)

     Plaintiff

     -against-

WARDEN GEORGE WEZNER,
CAPTAIN JOHN CUSIMANO and
CORRECTION OFFICER BRUCE MOYERS,
sued in their individual and official capacities

     Defendants

## SECOND AMENDED COMPLAINT

### PRELIMINARY STATEMENT

1. This is a civil rights action filed under 42 U.S.C. § 1983 by Jared Civitelli, a Connecticut prison inmate. The plaintiff's right to be free from cruel and unusual punishment, as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, was violated when excessive force was used against him.

1

## JURISDICTION

2. This action is brought to remedy the deprivation, under color of state law, of rights guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution. The Court has jurisdiction over this action pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 (a) (3).

3. The Court has supplemental jurisdiction over the plaintiff's state law tort claims pursuant to 28 U.S.C. § 1367.

## PARTIES

4. The plaintiff, Jared Civitelli, is a citizen of Connecticut. He is sentenced to the custody of the Connecticut Commissioner of Correction and currently is housed at Northern Correctional Institution ("Northern") in Somers, Connecticut. His inmate number is 254285. At the time of the incident that gave rise to this complaint, the plaintiff was housed at the Walker Reception and Special Management Unit ("Walker") in Suffield, Connecticut.

5. Defendant George Wezner, at all times relevant to this complaint, was the warden at Walker. As warden, he was responsible for the training and supervision of correction officers at Walker. He is sued in his individual and official capacities.

6. Defendant John Cusimano, at all times relevant to this complaint, was employed by the Connecticut Department of Correction ("DOC") as a correction officer holding the

rank of captain at Walker. He is sued in his individual and official capacities.

7. Defendant Bruce Moyers, at all times relevant to this complaint, was employed by the DOC as a correction officer at Walker. He is sued in his individual and official capacities.

## FACTS

8. On January 22, 2001, while the plaintiff was housed in the chronic discipline unit at Walker, defendants Cusimano and Moyers and another correction officer, Daniel Leske, entered the plaintiff's cell to inform him that he was getting a cell mate.

9. The plaintiff refused to accept the cell mate because he had an ongoing problem with him and felt that sharing a cell with him would jeopardize the plaintiff's safety and security.

10. Defendant Cusimano told the plaintiff that he was going to be put into segregation because of his refusal to follow orders. Defendant Cusimano instructed Officer Leske to leave the cell and get some bags in which the plaintiff could pack his belongings.

11. The plaintiff continued to ask defendant Cusimano to reconsider the cell assignment.

12. Defendant Cusimano instructed defendant Moyers to leave the cell and check on why Officer Leske had not returned with the bags.

13. A heated argument ensued between the plaintiff and defendant Cusimano.

14. At that point, defendant Moyers returned to the cell and tackled the plaintiff from behind.

15. While defendant Moyers held the plaintiff down, defendant Cusimano sprayed the plaintiff in the face with an excessive amount of the chemical agent Cap-Stun.

16. Defendant Cusimano then struck the plaintiff repeatedly in the head with his right knee, causing injuries for which the plaintiff required hospitalization and treatment.

## PREVIOUS LAWSUITS

17. The plaintiff has not begun other lawsuits in state or federal court dealing with the same facts involved in this action.

18. The plaintiff has not filed any other lawsuits related to the conditions of his confinement.

## PREVIOUSLY DISMISSED ACTIONS OR APPEALS

19. The plaintiff has not brought any civil actions or appeals that were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

## ADMINISTRATIVE REMEDIES

20. The plaintiff received a Disciplinary Report in which it was alleged that he had punched defendant Cusimano during the incident on January 22, 2001. The plaintiff pleaded not guilty to the charge. He was found guilty at a disciplinary hearing held on

February 7, 2001, at Northern, where the plaintiff had been transferred following the incident. (See attached copies of Disciplinary Report dated January 22, 2001, and of Disciplinary Process Summary Report.)

21. Pursuant to DOC Administrative Directive 9.5, the plaintiff appealed the disciplinary finding to Larry Myers, the warden at Northern. In his appeal, the plaintiff complained that he had been assaulted during the incident on January 22, 2001. (See attached copy of Disciplinary Hearing Appeal dated February 7, 2001.)

22. Warden Myers affirmed the disciplinary sanctions imposed on the plaintiff and told him that the matter was closed. (See attached copy of letter from Warden Larry Myers dated February 21, 2001.)

23. On or about February 10, 2001, the plaintiff filed a Level 1 inmate grievance. He did not receive a response to the grievance.

24. The plaintiff wrote a letter to DOC Commissioner John Armstrong to complain about the officers' use of excessive force. Commissioner Armstrong responded in a letter in which he said the incident of January 22, 2001, was under investigation.

**CLAIMS FOR RELIEF**

25. The actions of defendants Cusimano and Moyers in maliciously and sadistically using physical force for the purpose of causing harm to the plaintiff constituted cruel and unusual punishment in violation of the Eighth and Fourteenth

Amendments to the United States Constitution.

26. The actions of defendants Cusimano and Moyers in applying force or violence to the plaintiff in an unlawful manner constituted the tort of assault and battery under the law of the State of Connecticut.

27. The gross negligence of defendant Wezner in the training and supervision of defendants Cusimano and Moyers constituted deliberate indifference, and contributed to and proximately caused the above-described violation of the plaintiff's constitutional rights and assault and battery.

28. As a result of the actions of the defendants, the plaintiff suffered severe pain and discomfort and numerous injuries, including several contusions and a non-displaced fracture of the left side of the nasal bone.

29. As a further result of the actions of the defendants, the plaintiff suffered severe emotional distress.

WHEREFORE, the plaintiff claims:

A. Compensatory damages in an amount as proved at trial;

B. Punitive damages in the amount of $100,000.00;

C. Costs, expenses and attorney's fees;

D. Any other relief as law and equity may provide.

## JURY DEMAND

The plaintiff wishes to have a jury trial.

THE PLAINTIFF

_[signature]_

Jared Civitelli
Inmate #254285
Northern Correctional Institution
287 Bilton Road, P.O. Box 665
Somers, CT 06071

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he is the plaintiff in the above action, that he has read the above complaint and that the information in the complaint is true and correct.

Executed at Somers, Connecticut, on this 11th day of August, 2003.

_____
Jared Civitelli

Prepared by:

_____
Richard P. Cahill, Esq.
Schulman & Associates
Inmates' Legal Assistance Program
78 Oak Street, P.O. Box 260237
Hartford, CT 06126-0237
Tel (860) 246-1118
Fax: (860) 246-1119

## CERTIFICATION

I hereby certify that a copy hereof was mailed, postage prepaid, on this 12th day of August, 2003, to the following counsel and pro se parties of record:

Michael J. Lanoue, Esq.
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105

Jared Civitelli



# Disciplinary Report – Page 1
## Connecticut Department of Correction

CN 9503
1-10-94

| Unit | Walker Reception & SMU | Report date | 1/22/01 | Report no. | 010 1064 |
|---|---|---|---|---|---|
| Inmate name | Jared Civitelli | I.D. no. #254285 | | Housing | B1-40 |
| Location | B1-40 | Incident date | 1/22/01 | Time 10:35 | X am / pm |
| Charge | Assault on a DOC Employee | | | Class | A |

**Description of violation:** On the above date and time I, Capt. Cusimano, went into B1-40 Cell to talk to Inmate Civitelli #254285 about getting a cell partner. Inmate Civitelli stated that " he is not living with no nigger ". I instructed Inmate Civitelli to remove one of the mattresses from the bottom bunk and place it on the top bunk for the inmate being assigned to his cell. After Inmate Civitelli refused my order to place the mattress squarely on the top bunk, I instructed him to pack his property because he was moving back to Interval I. After hearing this Inmate Civitelli punched me under my left eye. Inmate Civitelli was taken to the prone and restrained by Officer Moyers and I. He physically resisted our efforts to apply restraints so I administered a one second burst of Cap-Stun to the inmate's face.

**Witness(es):** Officer Moyers

**Physical evidence:**

| Reporting employee | [signature] | Employee requests copy | X yes | no |
|---|---|---|---|---|
| Title | Captain | Date 1/22/01 | Time 5:30 | am / X pm |

### CUSTODY SUPERVISOR/UNIT MANAGER REVIEW

| Administrative detention | Date | Time | am / pm |
|---|---|---|---|
| Interview accused | | Informal disposition | |

Custody supervisor/unit manager signature [signature]

| Title | Captain | Date 1/22/01 | Time 5:32 | am / X pm |
|---|---|---|---|---|

### INMATE NOTICE

Delivered by Brace

| Title | C/O | Date 22 Jan 01 | Time 10:00 | am / X pm |
|---|---|---|---|---|



# Disciplinary Report – Page 2
## Connecticut Department of Correction

CN 9503
12-19-95

| Investigator | Receipt date | Time | am | pm |
|---|---|---|---|---|
| | | | | |

Attempt, accessory and conspiracy: When supported by the evidence, the offenses of attempt, accessory and conspiracy shall be deemed to be included in the substantive offense without having to be separately charged. Attempt, accessory and conspiracy shall be punishable in the same degree as if the substantive offense were committed.

### CLASS A

| | | |
|---|---|---|
| Alteration of a specimen | Escape | Secreting identity |
| Arson | Felonious misconduct | Security risk group affiliation |
| Assault | Fighting | Security risk group safety threat |
| Assault on a DoC employee | Flagrant disobedience | |
| Bribery | Hostage holding | Security tampering |
| Contraband (dangerous instrument, escape item, unauthorized currency, drug paraphernalia, intoxicating substance, tattoo equipment) | Hostage holding of a DoC employee | Self-mutilation |
| | Impeding order | Sexual misconduct |
| | Interfering with safety or security | Theft ($100 or more) |
| | Intoxication | Threats |
| Creating a disturbance | Refusal to give a specimen | Violation of program provisions |
| Destruction of property ($100 or more) | Riot (declaration by DoC commissioner) | |

### CLASS B

| | | |
|---|---|---|
| Bartering | Destruction of property (under $100) | Misdemeanant misconduct |
| Causing a disruption | Disobeying a direct order | Out of place |
| Contraband (unauthorized items, items in excess of authorized amounts, displaying nude or sexually explicit pictures) | Gambling | Public indecency |
| | Giving false information | Theft (under $100) |
| | Insulting language or behavior | |

### CLASS C

| | | | |
|---|---|---|---|
| Disorderly conduct | Malingering | Sanitary/housing violation | Violation of unit rules |

Waiver of 24-hour notice: I hereby waive my right to a 24-hour notice of hearing, and request that a hearing be held at the earliest convenience of the hearing officer.

| Inmate signature | Date |
|---|---|
| Witness signature | Date |

Waiver of appearance: I hereby waive my appearance at the disciplinary hearing. This does not constitute a guilty plea.

| Inmate signature | Date |
|---|---|
| Witness signature | Date |

Guilty plea: I hereby plead guilty to the charge contained in this disciplinary report. I voluntarily enter this plea and understand that my plea bars an appeal.

| Inmate signature | Date |
|---|---|
| Investigator/hearing officer signature | Date |
| Prosecution deferred by disciplinary coordinator | Through date. |
| Disciplinary coordinator signature | Date |
| Inmate signature | Date |

RECEIVED
FEB 6
NORTHERN CN:9507
Attachment G
C11-94



# Disciplinary Hearing Appeal - Page
## Connecticut Department of Correction

You have been found guilty of a disciplinary offense and have received sanctions. You may appeal the hearing officer's decision by filling out both pages of this form – please print – and by placing it in the facility disciplinary appeal mail box. Please include copies pages 1 and 2 of the disciplinary report and pages 1 and 2 of the disciplinary process summary report (decision).

| | | |
|---|---|---|
| Inmate name Jared Civitelli | Inmate no. 254295 | Date 2/7/01 |
| Facility Northern CI | Charge assit Doc Impa | Report date 1/22/01 |
| Date hearing completed 2/7/01 | Facility ~~Warden~~ Walker C.I. | |

Sanctions imposed: 30 Pun/Seg 3/9/01
90 phone 6-7-01
90 commissary 6-7-01

Date you received your copy of the report

Date you saw the disciplinary investigator 2/23/01

Did you see an advocate   ☒ yes   ☐ no

If yes, name of advocate Stelmack / Levesque

Date you saw the advocate 2/24/01

Was the advocate one of a list of choices   ☒ yes   ☐ no

Did you identify witness(es) to the investigator   ☒ yes   ☐ no

If yes, name(s) of witness(es): Muzbeck
Refused Statement

Did your witness(es) testify in person   ☐ yes   ☒ no

If no, what was (were) the reason(s) given:
No Statement

Did the hearing officer hear your side of the case   ☐ yes   ☒ no

If no, why not: He was Cleary, already had his Guilty plea on me, I asked about Incident Reports that under the Civil Liberty Act, I'm allowed but wasn't, they continued my hearing with out me being there. And My Advocate wasn't even there!

Describe what you told the hearing officer: Asked for Incident Reports, Under Civil Liberty Act. Asked him why he was going against A.D. 6.6.7.



# Disciplinary Hearing Appeal - Page 2
## Connecticut Department of Correction

CN 9507
Attachment G
2-15-94

Inmate name: JARROD Antell    Inmate no. 254245    Date: 2/7/01

**Give your reasons for appealing the decision and list the issues you want considered on appeal, including why you feel the decision was unfair, as well as any procedural concerns you may have: (please print)** These two Officer's "jumpt" me in my cell on 1/22/01, the camra shows that I was assaulted, taken to an out side Hospital, Nose Broken, Sprayed twice with "mace". And now placed in Northern when I only had a couple of weeks left of that Program at Walker? Now officers Here Rip my cell up take State given and Commissary bought things to mass with me. Officer Drake / Officer Brower / Officer Dairion / Officer Lensky. That's the way things go? My Advocate comes to take a statement that I was willingly going to give and starts xxxx Useing Childish Remarks. So I decein' to give any more. I get Nothing.

**Describe what action you want taken in this matter (please print):** I would at least have this ticket nheard, again. I'm Innocent. look at the film, look at the Pictures. I was transfered 1/22/01, Placed on A.D. status, 9.5 A.O. States that Detention shall be Recorded on the Disciplinary Report. If Punitive Segragation is xxxx Imposed Any time spent in Administrative Detention shall be credited towards maxium the Sentence on a day - for - day Basis." The Disciplinary Process Summary Report States 3-7-01 Punitive Segregation is over, I was place on A.D. status 1-22-01, 30 day from that would be 2-21-01, Now I've been place on lost of Phone / lost of Commissary 90/90 xxxx for both the Date I get off on the Disciplinary Process Summary Report say 6-7-01 / 6-7-04. Now todays the 7th. 90 day's from Now is 5-7-01 for Both. Please could you fix this? Thank you, for your time!

### OFFICIAL USE - DO NOT WRITE IN THIS SPACE

**Decision:**
Affirmed - See Attached letter

Signature: [signature]    Date: 2/22/01

cc: Inmate master file
Hearing officer
Unit administrator

# Disciplinary Process Summary Report - Page 1
## Connecticut Department of Correction



CN 950
1-14-9

| | | | |
|---|---|---|---|
| Unit NCI | Report no. NCI. 010110 | Report date 1-20-01 | Hearing date 2-7-01 |
| Inmate name Civitelli Jared | | I.D. no. 254285 | Housing 1E 203 /09 |
| Reporting employee Cusimano | | Title Capt. | |
| Investigator Smith J. | | Advocate Stelmack / Levesque | |
| Inmate appearance  [X] yes  [ ] no | | Reason | |

[ ] Suspended sentence  N/A
[ ] Deferred prosecution  N/A    No. of days    Through
[ ] Charge dismissed  N/A    By    Reason

Continuances (dates and reasons): Cont from 1-31-01 to 2-15-01 Inv. Rep. P.D.

## SUMMARY

| | Charge / Class | Plea | Finding | Sanctions |
|---|---|---|---|---|
| Original | Asslt Doc Emp A | NG | G | 30 PUN/SEG  3-9-01<br>90 loss phone  6-7-01<br>90 loss Commissary  6-7-01 |
| Substitute | | | | |

[ ] Confidential Information    Reliability

Documentation submitted:
[X] Incident Report    [X] Medical Incident Report  Summary of assault on C/O Meyers
[X] Use of Force Report  Use of chem agent    [X] Other (specify) Statement

| Witness Name: Mozheck B-41 | [ ] Appearance |
|---|---|
| Testimony: Refused Statement | |

| Witness Name: N/A | [ ] Appearance |
|---|---|
| Testimony: | |

| Witness Name: N/A | [ ] Appearance |
|---|---|
| Testimony: | |

[ ] Witness Exclusion    Name    Reason

Physical evidence, written testimony:
Submitted Documents



# Disciplinary Process Summary Report - Page 2
## Connecticut Department of Correction

CN 950
1-10-9

**Basis for finding:** AD 9.5(25) CC lensy me assigned advocate services. Denies the allegation of misconduct. States he doesn't recall, only cuffing up. I/M w/A declined to comment. I/M states that he didn't strike the Captain. I/M states that he has a right to all incident reports & submitted documents. Note incident reports are not denied for safety security reasons. Basis of reports told to I/M, staff witness etc.

Based on the documentation submitted to me accused did in fact strike a DOC Employee and is guilty as charged.

ASSAULT ON A DOC Employee (A)

**Basis for sanctions:** 10E

Severity of Misconduct

### DISPOSING OFFICER

| | | |
|---|---|---|
| Hearing officer signature | G. R. Meulemans | Date 2-7-01 |
| Disciplinary coordinator signature | | Date |
| Investigator signature | | Date |

### INMATE NOTICE

You may appeal a finding of guilty by a hearing officer within 15 days.

| | | |
|---|---|---|
| Delivering officer signature | Smith | Date 2-7-01 |



# STATE OF CONNECTICUT
## DEPARTMENT OF CORRECTION
COMPLEX ONE
Northern Correctional Institution
P.O. Box 665
Somers, CT 06071

860-763-8600

February 21, 2001

Jared Civitelli #254285
Northern Correctional Institution
287 Bilton Road
Somers, CT  06071

RE:   Disciplinary Appeal

Mr. Civitelli:

I have received your Disciplinary Appeal Form to contest Disciplinary Report Number NCI-0101110 for the charge of Class A, Assault on Staff. The sanctions, as imposed by Disciplinary Hearing Officer Meulemans on Wednesday, February 7, 2001, are affirmed.

This matter is considered closed.

Respectfully,

Larry Myers
Warden

LM:mgj

Attachment.

c:    Complex Warden Murphy
      Major Coates
      Inmate Master File
      File