UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JARED CIVITELLI | : | PRISONER<br>CIVIL NO. 3:02CV304 (DJS)(TPS) |
| v. | : |  |
| WARDEN GEORGE WEZNER, ET AL. | : | SEPTEMBER 1, 2004 |

### ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S SECOND AMENDED COMPLAINT

1. Paragraph 1 is admitted insofar as it alleges plaintiff's complaint is brought pursuant to 42 U.S.C. § 1983 and that the plaintiff is an inmate. This paragraph is otherwise denied.

2. Paragraphs 2 and 3 are denied.

3. Paragraph 4 is admitted.

4. So much of paragraph 5 which alleges defendant Wezner was the Warden at Walker is admitted. So much of paragraph 5 which alleges he was responsible for overall supervision is admitted. To the extent such paragraph alleges he was responsible for overall training of correction officers is denied. To the extent said paragraph alleges Warden Wezner may be involved in some training at Walker, said allegation is denied.

5. Paragraphs 6 and 7 are admitted.

6. Paragraph 8 is admitted.

7. Paragraph 9 is admitted insofar as it indicates the plaintiff did not want to share his cell with another inmate and otherwise denied.

8. Paragraphs 10 and 11 are admitted.

9. Paragraph 12 is denied.

10. Paragraph 13 is admitted.

11. Paragraph 14 is denied except insofar as it alleges defendants Cusimano and Mayers brought the plaintiff to the prone position after the plaintiff assaulted defendant Cusimano, which is admitted.

12. So much of paragraph 15 which alleges the plaintiff was sprayed with a chemical agent is admitted. So much of said paragraph which alleges "an excessive amount" is denied.

13. Paragraph 16 is denied.

14. Paragraphs 17 through 22 are admitted.

15. Paragraphs 23 and 24 are denied.

16. Paragraphs 25 through 29 are denied.

### FIRST AFFIRMATIVE DEFENSE

Insofar as this action seeks money damages from the State of Connecticut, it is barred by the Eleventh Amendment to the United States Constitution.

### SECOND AFFIRMATIVE DEFENSE

At all times mentioned in this lawsuit, the defendants acted within the scope of their duties as officers/employees of the State of Connecticut and acted with a good faith belief that their actions were lawful and, therefore, they are entitled to qualified immunity from monetary damages.

### THIRD AFFIRMATIVE DEFENSE

Under the PLRA, prisoners are required to exhaust administrative remedies as a prerequisite for an action under 42 U.S.C. § 1983, and thus this action is barred for failure to exhaust.

DEFENDANTS
Warden Wezner, et al.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY:_____/s/_____
Michael J. Lanoue
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct05195
E-Mail:  michael.lanoue@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591


## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following on this _1st_ day of September 2004:

Jared Civitelli #254285
MacDougall/Walker Correctional Institution
1153 East Street South
Suffield, CT 06078


_____/s/_____
Michael J. Lanoue
Assistant Attorney General

3